UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY R. HENDERSON and SANDRA HENDERSON**         **PLAINTIFFS**

**V.**         **CIVIL ACTION NO.1:05CV673 LTS-RHW**

**MICHAEL FELSHER and**
**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**         **DEFENDANTS**

### MEMORANDUM OPINION

The Court has before it Plaintiffs Timothy R. Henderson and Sandra Henderson's (the Hendersons) motion to remand. For the reasons set out below, this motion will be held in abeyance, and the stay entered by the United States Magistrate Judge on December 22, 2005, will be modified to permit the parties to conduct remand-related discovery.

This case involves property damage sustained during Hurricane Katrina. Plaintiffs are the named insureds under a homeowners insurance policy issued by Defendant Nationwide Mutual Fire Insurance Company (Nationwide). Plaintiffs purchased this policy through one of Nationwide's local agents, Defendant Michael Felsher (Felsher). Plaintiffs have alleged that Felsher told them they did not need to buy a flood insurance policy, and they charge that Felsher was negligent in giving them that advice.

Felsher has filed an affidavit stating that he did not deal with the Hendersons at the time they purchased their Nationwide policy. (Affidavit of Michael Felsher, Exhibit B to Nationwide's Response in Opposition to Motion To Remand) Ms. Anita McAllister, one of Felsher's associates, has also submitted an affidavit indicating that it was she who dealt with the plaintiffs in the sale of this Nationwide policy. Ms. Mcallister states that: "I did not have any conversation with Timothy or Sandra Henderson where they wanted or requested to purchase flood insurance on the Seahorse Avenue property. Had they wanted or requested flood insurance, I certainly would have sold them flood insurance on the property." (Affidavit of Anita McAllister, Exhibit F to Nationwide's Response in Opposition to Motion To Remand)

Nationwide has asked that the Court grant the parties an opportunity to conduct remand-related discovery. I believe this is a reasonable request. I am uncertain on the record before me whether the Hendersons have stated a cause of action against Felsher, and the interests of justice require that I make that determination on a more fully-developed record.

Accordingly, I will hold the Hendersons' motion to remand in abeyance and allow the parties to take a limited amount of discovery related solely to the issue of remand. Both sides will have an opportunity to discover the facts they need to resolve the motion to remand.

I will allow a period of fourteen days from the date of this order during which counsel for the parties shall confer to see whether they can agree on the method and timing of the discovery necessary to accomplish this purpose. If the parties can agree, they shall, within twenty-one days of the date of this order, submit an agreed order setting out their discovery schedule and identifying the methods and timing for the discovery they have agreed upon. If the parties cannot reach an agreement, each party shall, within fourteen days of the date of this order, submit a proposed schedule for this discovery. I will thereafter enter a separate order establishing the method and timing for this discovery.

Accordingly, on the terms set out above, I will grant Nationwide's request to modify the stay entered by the United States Magistrate Judge on April 4, 2006, to permit the taking of remand-related discovery, and I will hold the plaintiff's motion to remand in abeyance pending the completion of that discovery.

**SO ORDERED** this 17th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge